**EXHIBIT A**

SEALED

# United States District Court

__NORTHERN__ DISTRICT OF __TEXAS__

**In the Matter of the Search of**
(Name, address or Brief description of person, property or premises to be searched)

Premises known as:
1000 W. Weatherford St, Fort Worth, TX 76102

**SEARCH WARRANT**

CASE NUMBER: 3:16-MJ-713 BF

**To: Special Agent Joseph McCardel, United States Department of Defense (DoD), Defense Criminal Investigative Service (DCIS)** and any Authorized Officer of the United States

Affidavit(s) having been made before me by **Special Agent Joseph McCardel** has reason to believe that on the person of or __XX__ on the property or premises known as (name, description and/or location)

(SEE ATTACHMENT A).

in the __NORTHERN__ District of __TEXAS__ there is now concealed a certain person or property, namely (describe the person or property to be seized)

(SEE ATTACHMENT B).

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before __September 22, 2016__

(not to exceed 14 days) the person or place named above for the person or property specified, serving this warrant and making the search (in the daytime - 6:00 A.M. to 10:00 P.M.) ~~(at any time in the day or night as I find reasonable cause has been established)~~ and if the person or property be found there to seize same, leaving copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to __Paul D. Stickney, United States Magistrate Judge__ as required by law.

September 8, 2016 @ 10 A.M.           at    Dallas, Texas
Date and Time Issued                         City and State

PAUL D. STICKNEY
United States Magistrate Judge
Name and Title of Judicial Officer           Signature of Judicial Officer

## ATTACHMENT A – LOCATION TO BE SEARCHED

A large multi-story red brick building located at 1000 W. Weatherford St, Fort Worth, TX, and any and all suites located in the building. The main entrance is located on the east side of building. The building has double doors with the number "1000" labeled above them which leads to a secure entrance for the building. Adjacent to the double doors is a window labeled with the words "Rxpress" and "Xpress."



## ATTACHMENT B – ITEMS TO BE SEARCHED FOR AND SEIZED

All records, data and information constituting instrumentalities, evidence, or fruits of violations of Title 18, United States Code, Sections 1343 (Wire Fraud)287, 1035 (False Statements Related to Health Care Matters), 1347 (Health Care Fraud), and Title 42 United States Code, Section 1320a-7b (Criminal penalties for acts involving Federal health care programs), including but not limited to:

1. Business records, documents, or communications of Rxpress Pharmacy, Xpress Compounding, or Tactical Health Care Partners including;

   a. Contracts, agreements, or arrangements for marketing, soliciting, selling, or promoting of prescription products,

   b. Organization charts and/or other documentation related to management structure of listed entities,

   c. Correspondence, including memos, letters, and e-mails between entities or officers, owners, managers, employees, marketers, doctors, and clients/customers,

   d. Documents relating to the compensation structure of bonuses, incentives, or commissions paid to contractors, employees, or other individuals including marketers, beneficiaries, and doctors,

   e. Personnel files for any individual engaged in marketing, soliciting, selling, or promoting of prescription products,

   f. Corporate, business, and personal tax returns, including any quarterly

2

employment tax returns,

g. Documents relating to policies and procedures concerning the marketing, soliciting, selling, or promoting of prescription products,

h. Documents relating to the reimbursement, billing, or coding of prescription products,

i. Documents related to the waiver of co-payments for prescription products or,

j. Documents relating to the circumstances under which a pharmacy may substitute or change the ingredients of a prescription products,

k. Internal or external audit reports, including working papers, management responses, or other documents concerning the compliance with laws or regulations of marketing, soliciting, selling, or promoting of prescription products,

l. Documents relating to any complaints, objections, or concerns about compliance with state or federal law relating to prescription products,

m. Bank records or other financial documentation, including, but not limited to, ATM deposit or withdrawal receipts, bank statements, check books, and credit or debit card statements,

n. Documents pertaining to the payment of commissions, or other form of remuneration, to individuals for the marketing, soliciting, selling, or promoting of prescription products or for patient or physician referrals,

2. Medical records, documents, or communications relating to shipping, billing, or interaction with patients, to include, but not limited to, payment of commissions,

payment of remuneration to any beneficiary, or issuance of any compounded medication, including pain creams, scar creams, or multivitamins.

3. All communications, to include text messages, emails, instant messages, facsimiles, Apple iMessages, between Dustin Rall, Scott Schuster, Richard Hall, Lewis Hall, Jr., Quintan Cockerell, Lock Paret, Luke Zeutzius, Britt Hawrylak, and Matthew Hawrylak, doctors, and any other associate of Rxpress Pharmacy, Tactical Health Care Partners, Tiger Racing Team, or Zorin Holdings.

   a. discuss, reference, or relate to insurance reimbursements, insurance companies, compound drugs, pharmaceutical representatives, recruiters, marketers, beneficiaries, doctors, pharmacies, pharmacists, billing agents, or any other individual or entity associated with the submission of claims for reimbursement for any health care service or prescription drug, or the facilitation of payment to recruiters, marketers, doctors, beneficiaries or others for referral.

   b. show or demonstrate connections or relationships such as ownership, control, responsibility, direction, or authorization businesses or entities.

4. Additionally, all computer equipment and the items listed above that are contained in any computer equipment as follows, and pertains to the above listed persons, businesses, or entities:

   a. Computer hardware, consisting of all equipment which can collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, optical, or similar computer impulses or data. Hardware includes, but is not

4

limited to, any data-processing devices (such as central processing units, memory typewriters, self-contained "laptop" or "notebook" computers, "palm pilots," I-pods, memory facsimile machines and "schedulers"); internal and peripheral storage devices (such as fixed disks, external hard drives, floppy disk drives and diskettes, USB storage devices, optical storage devices, transistor-like binary devices, read/write CD and DVD devices, and any and all storage devices); peripheral input/output devices (such as keyboards, printers, scanners, video display monitors, mouse devices); and related communications devices (such as modems, routers, cables and connections, recording equipment, RAM or ROM units); as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (such as physical keys and locks).

b. Computer software, that is, digital information which can be interpreted by a computer and any of its related components to direct the way they work, as well as instruction manuals relating to the same. Software is stored in electronic, magnetic, optical, or other digital form. It commonly includes programs to run operating systems, applications (like word processing, networking, graphics, accounting, presentations or spreadsheet programs), utilities, compilers, interpreters, and communications programs.

c. Electronic Storage Media, that is, any object or device upon which computer data can be stored. It includes external and internal hard drives, floppy disks, CDs, DVDs, MP3 devices, "flash" or "thumb" drives, tapes,

5

Personal Digital Assistants (PDAs), Multi Media Cards (MMCs), memory sticks, optical disks, printer buffers, smart cards, cellular phones, iPods, Bernoulli drives, electronic notebooks, SIM cards, SD-cards, and digital cameras.

   d. For any computer hard drive or other electronic media (hereinafter, "MEDIA") that is called for by this warrant, or that might contain things otherwise called for by this warrant:

      i. evidence of user attribution showing who used or owned the MEDIA at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, saved usernames and passwords, documents, and browsing history;

      ii. passwords, encryption keys, and other access devices that may be necessary to access the MEDIA;

      iii. documentation and manuals that may be necessary to access the MEDIA or to conduct a forensic examination of the MEDIA.

5. As used above, the terms "documents," "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies).

6

6. The items described above may be searched and seized irrespective of whether they are stored or maintained in electronic, magnetic, optical, digital, or paper format. This warrant specifically authorizes the search and seizure of records maintained on computer storage media, including computer hard drives, diskettes, Compact Discs (CD), Digital Video Discs (DVD), USB storage device (e.g., thumb drives, external hard drives), or any other media capable of storing information in a form readable by a computer. This also includes all copies of the information described above that may be located on any handheld computers or other portable computing or data storage device, and any stored information that is maintained as archive or backup copies.

7. In order to obtain the above described records, the agents are authorized to seize the computers and/or storage media and make a mirror image of the computers and/or storage media off-site for the purposes of searching. Upon completion of the off-site imaging, the agents will attempt to return the seized computers and/or storage media. In addition, if the information described above cannot be read and understood without the software or programs that created those files or records, the agents are authorized to seize such software and any documentation and manuals that describe the software and instruct on its installation and use.