# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL ACTION NO. 3:18-CR-0623-S |
| RICHARD HALL (1) | § § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Richard Hall's Motion for Judgment of Acquittal or, in the Alternative, for a New Trial ("Motion") [ECF No. 953]. Having considered the Motion, the Government's Response to Defendant's Motion for Judgment of Acquittal or, in the Alternative, for a New Trial ("Response") [ECF No. 962], Defendant's Reply in Support of Defendant Richard Hall's Motion for Judgment of Acquittal or, in the Alternative, for a New Trial ("Reply") [ECF No. 969], the trial evidence, and the applicable law, the Court **DENIES** the Motion.

## I. BACKGROUND

Defendant was charged with Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371 (Count One), Payment of Kickbacks in violation of 42 U.S.C. § 1320a-7b(b)(2) and 18 U.S.C. § 2 (Counts Two through Five), and Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. § 1956(h) (Count Seven). *See* Agreed Redacted Superseding Indictment [ECF No. 946].[1] On July 27, 2023, after a six-day jury trial, the jury returned a verdict of "Not

---

[1] At the time of trial, Defendant was also charged with Engaging in a Monetary Transaction in Property Derived from Specified Unlawful Activity in violation of 18 U.S.C. § 1957 and 18 U.S.C. § 2 (Count Nine). *See* Superseding Indictment [ECF No. 229] 24-25. The Court dismissed Count Nine with prejudice. *See* Order [ECF No. 929]; *see also* Electronic Order [ECF No. 930] (terminating as moot Defendant's Motion for Judgment of Acquittal Pursuant to Rule 29 of the Federal Rules of Criminal Procedure [ECF No. 922] as it pertained to Count Nine).

Guilty" on Count One, and "Guilty" on Counts Two, Three, Four, Five, and Seven. *See* Verdict of the Jury [ECF No. 942].

Defendant moves for acquittal on all counts on which he was found guilty on the basis that the evidence was insufficient. Mot. 1. Without "limiting the breadth" of the Motion or "waiving any other ground," Defendant focuses on Count Seven, Conspiracy to Launder Monetary Instruments. *Id.* at 1. Defendant argues the Government failed to "prove an agreement to launder [Anti-Kickback Statute ("AKS")] proceeds" because: (1) "[G]overnment witness Michael Petron failed to use the tracing methodology the Fifth Circuit requires, and thus failed to provide evidence of expenditures from TRICARE proceeds, much less from AKS proceeds," and (2) "the [G]overnment's argument in closing that the relevant monetary transactions were the alleged kickback payments to marketers runs headlong into the settled rule in the Fifth Circuit that, to include proceeds of a crime, the alleged monetary transactions must occur after completion of that crime." *Id.* For largely the same reasons, Defendant requests, in the alternative, a new trial under Federal Rule of Criminal Procedure 33. *Id.* at 2, 8. In support of this request, Defendant maintains that "the evidence weighs heavily against the verdict and, under the circumstances, the verdict represents a miscarriage of justice." *Id.* at 2.

## II. LEGAL STANDARD

"A motion for judgment of acquittal [under Federal Rule of Criminal Procedure 29] challenges the sufficiency of the evidence to convict." *United States v. Hope*, 487 F.3d 224, 227 (5th Cir. 2007) (citation omitted). The district court "must assess whether a reasonable jury could have properly concluded, weighing evidence in the light most deferential to the verdict rendered . . . , that all of the elements of the crime charged had been proven beyond a reasonable doubt." *Id.* at 227-28 (quoting *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005)); *see also*

*United States v. Gentry*, 941 F.3d 767, 785 (5th Cir. 2019) (citation omitted). The Court should not weigh the evidence or assess witness credibility, because "the weighing of evidence and the assessment of witness credibility 'is solely within the province of the jury.'" *United States v. Smith*, 739 F.3d 843, 845 (5th Cir. 2014) (quoting *United States v. Sanchez*, 961 F.2d 1169, 1173 (5th Cir. 1992)). "The evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilt, so long as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012) (citing *United States v. Faulkner*, 17 F.3d 745, 768 (5th Cir. 1994)).

Under Rule 33, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). To warrant a new trial, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Shoemaker*, 746 F.3d 614, 631 (5th Cir. 2014) (citation omitted).

### III. ANALYSIS

Defendant moves for acquittal with respect to Count Seven. To prove a conspiracy to commit money laundering, the Government must show "(1) that there was an agreement between two or more persons to commit money laundering and (2) that the defendant joined the agreement knowing its purpose and with the intent to further the illegal purpose." *United States v. Cessa*, 785 F.3d 165, 173 (5th Cir. 2015) (citation omitted). "[T]he government need not have proven an actual violation of § 1957." *United States v. Fuchs*, 467 F.3d 889, 906-07 (5th Cir. 2006). "Direct evidence of a conspiracy is unnecessary; each element may be inferred from circumstantial evidence." *Id.* at 906 (quoting *United States v. Casilla*, 20 F.3d 600, 603 (5th Cir. 1994)). "An agreement may be inferred from a 'concert of action.'" *Fuchs*, 467 F.3d at 906.

The Court instructed the jury on the following elements of Count Seven[2]:

*First*: That the Defendant and at least one other person made an agreement to commit the crime of engaging in a monetary transaction in property derived from specified unlawful activity. I will instruct you on the elements of that crime in a moment;

*Second*: That the Defendant knew the unlawful purpose of the agreement; and

*Third*: That the Defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

The crime of engaging in a monetary transaction in property derived from specified unlawful activity has the following elements:

*First*: That the Defendant knowingly engaged in a monetary transaction, as alleged in the superseding indictment;

*Second*: That the monetary transaction was of a value greater than $10,000;

*Third*: That the monetary transaction involved criminally derived property;

*Fourth*: That criminally derived property was derived from specified unlawful activity, namely paying or receiving illegal health care kickbacks;

*Fifth*: That the Defendant knew that the monetary transaction involved criminally derived property; and

*Sixth*: That the monetary transaction took place within the United States.

Court's Charge to the Jury ("Jury Charge") [ECF No. 941] 9-10.

After receiving these instructions and deliberating, the jury found that the Government proved beyond a reasonable doubt that Defendant conspired to launder money. Defendant now argues that the Government failed to prove he willfully agreed to launder the proceeds of AKS violations. Mot. 1. The Court disagrees. As noted in the Response, the trial record contains multiple instances of Defendant agreeing to spend his ill-gotten gains and acting in concert with his coconspirators to make lavish purchases, such as exotic cars and fund luxurious vacations.[3]

---

[2] Neither party objected to this portion of the instructions.
[3] Defendant concedes that "[t]he evidence showed . . . that each owner of Rxpress and Xpress made considerable money from the business, and each owner spend that money lavishly." Reply 1.

Resp. 5-8. Based on the evidence presented, the jury could have reasonably found an agreement between Defendant and his coconspirators to commit money laundering. Accordingly, the Court finds the evidence sufficient to support the jury's verdict as to Count Seven.

The Government was not required to prove that any specific act of money laundering was completed. *Fuchs*, 467 F.3d at 906. Nor was the Government required to do so using the tracing method specified in *United States v. Loe*, 248 F.3d 449, 467 (5th Cir. 2001). *See Fuchs*, 467 F.3d at 906-07. ("[I]t is sufficient that the government established that the defendant joined an agreement to commit money laundering knowing the agreement's illegal purpose and intending to further that purpose."). As the Court specifically instructed the jury, "the Government need not prove that all of the details of the scheme alleged in the superseding indictment were actually agreed upon or carried out." Jury Charge 10. Therefore, Defendant's argument that Petron used an invalid tracing methodology with respect to the money laundering alleged in Count Nine is immaterial to the jury's conviction under Count Seven. Viewing the evidence in the light most deferential to the verdict rendered, the jury could have reasonably concluded that Defendant and the other pharmacy owners agreed to use tainted money obtained through AKS violations to fund their lavish purchases.

Having found that the evidence supports the jury's verdict as to Count Seven, the Court need not address Defendant's contentions relating to the Government's closing argument. *United States v. Shah*, No. 21-10292, 2023 WL 6385685, at *5 (5th Cir. Oct. 2, 2023) ("The inquiry is whether a rational trier of fact could have found for the prosecution; [the Court] review[s] the *evidence*, not the prosecution's argument.") (citing *United States v. Moreno-Gonzalez*, 622 F.3d 369, 372 (5th Cir. 2011)).

For all the reasons stated above, the Court finds that Defendant's conviction on Count Seven was not contrary to the weight of the evidence and that a manifest miscarriage of justice did not result. Therefore, a new trial is not warranted under Rule 33.

As to Counts Two through Five, Defendant does not make any independent argument. *See* Mot. 1. Accordingly, the Court finds that the standard for judgment of acquittal under Rule 29 and for a new trial under Rule 33 has not been met for these remaining counts.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion for Judgment of Acquittal or, in the Alternative, for a New Trial [ECF No. 953].

**SO ORDERED.**

SIGNED November 1, 2023.

KAREN GREN SCHOLER
**UNITED STATES DISTRICT JUDGE**